UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ANTONIO TOVAR (A-Number: 073-965-673),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-5836-DC-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Edgar Antonio Tovar, a 56-year-old lawful permanent resident ("LPR") and citizen of El Salvador, has lived in the United States since 1991. On December 16, 2024, ICE arrested petitioner, and he has been held in immigration custody since that date.

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the Fifth Amendment. Respondent argues that the petition should be dismissed or denied. Respondent previously represented to the court that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

## Procedural History

Petitioner, proceeding pro se, filed an initial petition for writ of habeas corpus on February 26, 2026.[1] *Tovar v. Warden* ("*Tovar I*"), 1:26-cv-1626-DC-JDP, ECF No. 1. In response, the government filed an answer, arguing that petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). *Tovar I*, ECF No. 9 at 1. Based on that conviction, I found that petitioner was subject to mandatory detention under section 1226(c). *Tovar I*, ECF No. 10 at 3. However, I also found that respondent had violated due process because of petitioner's prolonged detention without a bond hearing. *Tovar I*, ECF No. 10 at 7. Accordingly, I recommended that petitioner receive a bond hearing, at which the government bear the burden of proof. *Tovar I*, ECF No. 10 at 7. On May 6, 2026, the court ordered the government to provide such a hearing. *Tovar I*, ECF No. 12 at 2. Respondent's subsequent status report indicated that an immigration judge denied bond on May 19, 2026. *Tovar I*, ECF No. 14.[2] On June 4, 2026, petitioner filed a motion to enforce, arguing that the bond hearing did not comply with the court's order. *Tovar I*, ECF No. 15. The court denied the motion to enforce on June 10, 2026, reasoning that challenges to an immigration judge's bond denial must be raised to the Board of Immigration Appeals. *Tovar I*, ECF No. 16.

On July 27, 2026, petitioner filed the instant petition.[3] ECF No. 1. On August 7, 2026, I ordered respondent to file either an answer addressing the merits of the petition or motion to dismiss the petition. ECF No. 10. On August 17, 2026, respondent filed a response to the petition. ECF No. 11. The matter is submitted such that I may issue findings and recommendations. *See* ECF No. 10; E.D. Cal. L.R. 302(c)(17).

---

[1] The court related *Tovar I* with the instant case on August 3, 2026. ECF No. 9.

[2] The immigration judge's bond decision does not reflect vacatur of petitioner's criminal conviction, which I discuss below. *Tovar I*, ECF No. 14-1. Petitioner's conviction was vacated on April 24, 2026—fourteen days after my findings and recommendations issued. *See* ECF No. 1 at 8-10. The record does not indicate whether the immigration judge, or even petitioner, was aware of the vacatur at the time of the bond hearing.

[3] Petitioner concurrently filed a motion for the appointment of counsel, ECF No. 4. In light of my recommendation that the case be closed, this motion will be denied as moot.

## Background

Petitioner, a citizen of El Salvador, first arrived in the United States in 1991. *Tovar I*, ECF No. 1 at 6. He has been an LPR since March 7, 2022, when U.S. Citizenship and Immigration Services approved his Form I-485 (Application to Register Permanent Residence or Adjust Status). *Tovar I*, ECF No. 9-1 at 2. Petitioner was convicted June 12, 2024, of California Health and Safety Code section 11370.1(a) (possession of a controlled substance with a firearm). ECF No. 1 at 8-9. That conviction was vacated on April 24, 2026. *Id*. Petitioner's removal proceedings are still pending before the Board of Immigration Appeals. ECF No. 1 at 7.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner argues that his detention violates his Fifth Amendment Due Process rights.[4] ECF No. 1 at 6-13, 23-24. Respondent requests dismissal or denial because petitioner did not show any material change since the court's June 10, 2026 order denying the motion to enforce in *Tovar I*. ECF No. 11. Respondent does not address petitioner's direct claim that his continued

[4] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing). While petitioner also argues that his bond hearing was not constitutionally adequate, his petition is not limited to that basis.

detention violates the law and that his criminal conviction has been vacated, thereby removing the sole basis for respondent's asserted detention authority. *See generally* ECF No. 11; ECF No. 1 at 7. Respondent also argues that the court should "decline to revisit its June 10, 2026 order." ECF No. 11 at 2. However, petitioner does not ask the court to revisit the court's decision to deny the motion to enforce in *Tovar I*. Respondent did not submit any evidence in support of its response. ECF No. 11.

To the extent that respondent is arguing that petitioner has submitted a successive petition under 28 U.S.C. § 2244(a), that bar does not apply to immigration petitions filed pursuant to 28 U.S.C. § 2241.[5] *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (finding § 2244 bar inapplicable because the petitioner's immigration detention "was not pursuant to a judgment of a court of the United States"). Additionally, petitioner's claim in the instant petition is not identical to the claim he raised in *Tovar I* such that the petition should not be dismissed based on the abuse of the writ doctrine.[6] The first petition was filed on February 26, 2026, and his criminal conviction was not vacated until April 24, 2026. *Tovar I*, ECF No. 1; ECF No. 1 at 8-9. Therefore, his due process claim based on an unlawful detention as a result of the vacated criminal conviction here is fundamentally different from the due process claim based on prolonged detention in *Tovar I*. Accordingly, because petitioner could not have brought his current due process claim in his first petition, his current petition should not be dismissed based on the successive abuse of writ doctrine.

Turning to the merits, respondent represented to this court that petitioner was "subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) due to his conviction for unlawful

---

[5] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 8 U.S.C. § 2244(a).

[6] *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (*quoting Calderon v. United States Dist. Ct.* (Kelly), 163 F.3d 530, 538 (9th Cir. 1998) (en banc), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003)) ("The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'").

possession of a controlled substance while armed with a loaded operable firearm in violation of Cal. Health and Safety Code § 11370.1(a)." *Tovar I*, ECF No. 9 at 1. Critically, in its previous filings, respondent did not argue any other statutory basis for petitioner's detention or that any other criminal convictions subject petitioner to mandatory detention under section 1226(c). *See generally Tovar I*, ECF No. 9. In the instant case, respondent has not asserted any detention authority. *See generally* ECF No. 11.

Petitioner has presented evidence that his conviction for violating Cal. Health and Safety Code § 11370.1(a) was vacated on April 24, 2026. ECF No. 1 at 8-9. I therefore address whether petitioner has a qualifying conviction for immigration purposes that mandates detention under section 1226(c). In vacating the conviction, the Superior Court found that petitioner's plea and sentence was "invalid pursuant to Penal Code section 1473.7(a)(1) and the Fifth and Sixth Amendments of the U.S. Constitution, as applied to the states through the Fourteenth Amendment of the U.S. Constitution." *Id*. at 8. Respondent has not addressed the merits of this vacatur in any way. *See generally* ECF No. 11.

A conviction vacated for a substantive or procedural constitutional defect is no longer a "conviction" for immigration purposes. *See Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006); *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006). The Court of Appeals has held that "the reasoning because the petitioner's motive [for vacatur] is not the crucial inquiry" in determining whether a conviction was vacated for a substantive or procedural constitutional defect. *Reyes-Torres v. Holder*, 645 F.3d 1073, 1077 (9th Cir. 2011). "Instead, the inquiry must focus on the state court's rationale for vacating the conviction, and the *burden is on the government* to prove that it was vacated *solely* for rehabilitative reasons or reasons related to his immigration status." *Id*. (emphasis added and cleaned up). Given the vacatur of petitioner's criminal conviction that forms the sole basis of respondent's asserted detention authority, and respondent's lack of argument, Petitioner's prior conviction under Cal. Health and Safety Code § 11370.1(a)is therefore not considered a "conviction" for immigration purposes. *See Cardoso-Tlaseca*, 460 F.3d at 1107; *see also Aguilar v. Andrews*, No. 1:26-cv-3028-DAD-JDP, 2026 WL 1469800, *2 (E.D. Cal. May 26, 2026), *findings and recommendations adopted*, 2026 WL

1661345 (E.D. Cal. June 9, 2026); *Vrej S.G. v. Chestnut*, 1:26-cv-4428-MWJS, 2026 WL 2049816, *6-7 (E.D. Cal. July 15, 2026). Therefore, I conclude that petitioner is not lawfully detained under section 1226(c), and that his detention is not mandated by that statute.

Respondent has never represented to the court that petitioner is subject to discretionary detention under section 1226(a). *See* ECF No. 11; *Tovar I*, ECF Nos. 9, 11, 14. Nonetheless, I will consider the record to determine whether sufficient evidence shows that the detaining agency relied upon this detention authority. As noted, respondent submitted no evidence in support of its response in the instant case. *See* ECF No. 11. In its filings in *Tovar I*, respondent included a Form I-213 (Record of Deportable/Inadmissible Alien) dated December 18, 2024. *Tovar I*, ECF No. 9-1. That document lists the processing disposition as "Warrant of Arrest/Notice to Appear." *Tovar I*, ECF No. 9-1. However, the narrative within Form I-213 does not reflect that an arrest warrant was ever issued to petitioner. *Tovar I*, ECF No. 9-1. In fact, the only reference in Form I-213 regarding the circumstances of petitioner's arrest is the vague statement that it occurred "AT/NEAR" North Kern State Prison. *Tovar I*, ECF No. 9-1 at 2. Additionally, respondent has never submitted to this court any evidence of an arrest warrant. *See* ECF No. 11; *Tovar I*, ECF Nos. 9, 11, 14. Arrest without a proper warrant violates section 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025; *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05561-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). Therefore, I conclude that petitioner is also not lawfully detained under section 1226(a).

Given these findings that petitioner is not lawfully detained under section 1226(c) or section 1226(a), I must determine the appropriate remedy. Petitioner requests immediate release. ECF No. 1 at 7. Respondent only argues that the petition should be dismissed or denied. ECF No. 11. The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also DHS v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Habeas is an equitable remedy and "[f]ederal courts have a fair amount of flexibility" to tailor the remedy to

the constitutional violation. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *see also Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) ("Once a constitutional right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the provision of another bond hearing is constitutionally insufficient. *See Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that even petitioner's subject to section 1226(a) must be provided a statutorily mandated bond hearing). Petitioner is an LPR whose removal proceedings are still pending.[7] Although respondent only argues that petitioner is subject to mandatory detention under 1226(c), respondent has also failed to detain petitioner in compliance with the required procedures of section 1226(a), as discussed above. Additionally, respondent first provided petitioner with a bond hearing on May 19, 2026—after 18 months of detention—and only as a result of this court's order. *See Feyer Felix v. Blanche, et al.*, No. 1:26-cv-6479-DAD-CKD, 2026 WL 2474468, at *1 (E.D. Cal. Aug. 21, 2026) (granting petition and ordering immediate release where petitioner was not given a bond hearing for four months after detention) (*citing Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-2301-DAD-CSK, 2026 WL 1552359 (E.D. Cal. June 2, 2026)). Petitioner has been detained for over twenty months, now without legal justification, and release is the appropriate remedy.

Notably, respondent has been on notice of the vacatur of the only criminal conviction the government has asserted as justifying petitioner's detention since at least July 27, 2026, when petitioner initiated the present action and attached evidence of the vacatur. Despite the opportunity to do so, the government has not responded to the vacatur's effect on the legality of

---

[7] The U.S. government approved petitioner for LPR status in March 2022, when it presumably was aware of his prior criminal record. *Tovar I*, ECF No. 9-1 at 2-3. Respondent has only asserted petitioner's now vacated criminal conviction as the basis for his detention and has not argued than any of his other criminal history provides a lawful basis for his detention. *See* ECF No. 11; *Tovar I*, ECF Nos. 9, 11, 14.

petitioner's detention. *See* ECF No. 11. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *2 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion for the appointment of counsel, ECF NO. 4, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 073-965-673) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 10, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE