UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ANTONIO TOVAR (A-073-965-673),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05836-DC-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 12) |

Petitioner, an immigration detainee proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 11, 2026, the magistrate judge filed findings and recommendations recommending that Petitioner's petition be granted and he be released because Petitioner can no longer be detained under 8 U.S.C. § 1226(c) given the recent vacatur of his qualifying crimes, and Petitioner's detention would also be improper under 8 U.S.C. § 1226(a). (Doc. No. 12.) On September 14, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 13.) Respondents assert that: (1) the magistrate judge impermissibly decided the case on claims that were not properly before the court; (2) the magistrate judge's determination as to 8 U.S.C. § 1226(a) was erroneous given Petitioner's initial detention was under § 1226(c); and (3)

the proper remedy, if any, is a custody redetermination hearing. (*Id.*)

Respondents' first objection is not well taken as courts routinely liberally construe pro se filings and, here, the petition asserts that "[Petitioner's] detention continues in violation of law and due process" when considering several facts including that, on April 24, 2026, Petitioner "[was] successful in vacating [his] aggravated felon[]ies p[u]rsuant [to Cal. Penal Code § ] 1473" and seeks "imm[e]diate release from detention." (*See* Doc. No. 1 at 7–8); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (citation modified). Thus, the magistrate judge appropriately applied liberal construction to this pleading and, in so doing, did not err in finding that Petitioner is seeking due process relief, in part, because of his recently vacated crime.

Turning to Respondents' second objection, as the magistrate judge found in this case, the undersigned has likewise found that the government's authority to detain a noncitizen under 8 U.S.C. § 1226(c) on account of a qualifying crime is invalidated when that crime is vacated pursuant to California Penal Code § 1473.7(a)(1). (*See* Doc. No. 1 at 8) (indicating that Petitioner's conviction involving possession of a controlled substance was vacated pursuant to Cal. Penal Code § 1473.7(a)(1) as well as the United States Constitution); *see also Jaskaran Singh v. Golden State Annex Det. Ctr.*, No. 1:26-cv-06390-DC-CSK, Doc. No. 9 (E.D. Cal. Aug. 21, 2026) (holding that the purported basis for detaining the noncitizen under § 1226(c) was invalid where the noncitizen's qualifying convictions had been vacated under Cal. Penal Code § 1473.7(a)(1)) (citing *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1177–78 (9th Cir. Mar. 15, 2022) (describing longstanding rule that a conviction vacated due to procedural or substantive defects does not qualify as a conviction for immigration purposes); *Bent v. Garland*, 115 F.4th 934, 940 (9th Cir. 2024) (stating that convictions vacated under Cal. Penal Code § 1473.7(a)(1) are vacated "to address a substantive or procedural error that renders [the] conviction[s] legally invalid") (citation modified)). Therefore, Respondents' objections to the findings and recommendations provide no basis upon which to reject the magistrate judge's determination that Petitioner is not lawfully detained under 8 U.S.C. § 1226(c).

Respondents' third objection is also unavailing because the undersigned has found that

immigration detention violates due process when the government fails to assert a lawful basis for the detention and that the proper remedy for this violation is immediate release from custody. *See Jaskaran Singh*, No. 1:26-cv-06390-DC-CSK, Doc. No. 9 (ordering immediate release from custody after 8 U.S.C. § 1226(c) was determined to be an invalid basis for detention and the government provided no alternative basis); *see also Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) ("Because Respondents do not assert any alternative basis for Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is Petitioner's immediate release."). Thus, Respondents provide no basis upon which to reject the magistrate judge's recommended remedy of immediate release.

In reviewing findings and recommendations, the court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The undersigned finds the findings and recommendations to be supported by the record and proper analysis with regard to 8 U.S.C. § 1226(c) no longer providing a valid basis for Petitioner's detention, and will therefore adopt the recommendation that Petitioner be released from immigration custody and that his petition be granted on due process grounds.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 11, 2026 (Doc. No. 12), are ADOPTED;
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Petitioner Edgar Antonio Tovar (A-073-965-673) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his present detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g.,

identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dena Coggins
United States District Judge